**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

VINCENT COOPER,                                                                                                                    PLAINTIFF
ADC #114449

V.                             5:14CV00125-KGB-JTK

MARK HALL, et al.                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Cooper, a state inmate confined at the Ouachita River Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants improperly lost or destroyed his personal and legal property, without due process, and impeded his access to the courts. Plaintiff asks for damages from Defendants.

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B),

the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**II.     Facts and Analysis**

Plaintiff alleges that on November 21, 2012, while incarcerated at the Varner Unit of the ADC, Defendant Hall confiscated his property after Plaintiff was transferred to the SuperMax area of the Unit following a fight with another inmate. (Doc. No. 2, pp. 5-7.) However, Hall failed to properly tag one of the property bags, which contained legal books and materials, and when Plaintiff later requested return of the property, Defendants Brooks and Price could not locate it. (Id., pp. 7-8.) Defendants Brooks and Price also lied in response to a grievance Plaintiff filed about the lost property, stating that it had been returned to Plaintiff. (Id., pp. 9-10.) As a result of losing the property, Plaintiff's state

criminal appeal process was hindered because he was not able to provide a transcript. (Id., p. 14.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D. MO 1993). However, Plaintiff's allegations concerning the loss of his personal property do not state an actionable constitutional claim. When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 530-537 (1984). In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.

In addition, it appears that Plaintiff's present claim also is barred by collateral estoppel. Plaintiff attaches a copy of a decision rendered by the Arkansas Claims Commission on March 5, 2014, denying his claim for loss of property in the amount of $8,515.84. (Doc. No. 2, p. 44.) In that decision, the Commission wrote that Plaintiff failed to "prove by a preponderance of the evidence any liability on the part of the Respondent. Claimant's court and other materials have been found and the Claimant improperly obtained the books he claimed were lost." (Id.)

Principles of res judicata and collateral estoppel apply when an administrative agency acts in a judicial capacity, and resolves disputed issues of fact which the parties have had an adequate opportunity to litigate. See Steffen v. Housewright, 665 F.2d 245, 247 (8th Cir. 1981) (per curiam). In Steffen, the Court found that collateral estoppel precluded litigation of a claim for lost property

against the defendants, after the inmate plaintiff had proceeded with the same claim before the Arkansas Claims Commission. "The doctrine of collateral estoppel precludes re-litigation of factual issues actually litigated and determined in a prior suit." Id. Therefore, Plaintiff's property claim also appears to be barred by collateral estoppel, because he previously litigated the same claim before the Claims Commission.

Plaintiff's claim that Defendants' actions resulted in a denial of access to the courts also should be dismissed. In order to support such a First Amendment claim, Plaintiff must allege and prove that Defendants' actions caused actual injury to a legal matter, as set forth in Lewis v. Casey, 518 U.S. 343, 357 (1996). Plaintiff claims Defendants confiscated and lost much of his legal materials, including a transcript which was needed to support a pending criminal matter. As a result, Plaintiff claims that the Arkansas Supreme Court dismissed his case. (Doc. No. 2, pp. 14-15.) However, Plaintiff attaches a copy of the Supreme Court decision, rendered April 25, 2013, which dismissed Plaintiff's appeal from a denial of motions for scientific testing. Cooper v. Arkansas, 2013 Ark. 180, 2013 WL 1776437 (2013) (per curiam). (Doc. No. 2, pp. 32-36.) According to this decision, the trial court found that the motions Plaintiff filed constituted a successive petition and that the issues he raised were previously decided. In addition, the Court held that Plaintiff could not demonstrate that prior evidentiary rulings were clearly erroneous. The Court did not mention a lack of a trial transcript; therefore, it is clear to this Court that Plaintiff's failure to submit the missing transcript did not cause actual injury to his legal proceeding, and did not result in a denial of access to the courts.

Finally any claim that Defendants violated ADC policies and procedures also should be dismissed. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 22nd day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.