IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VINCENT COOPER,                                                                                      PLAINTIFF
ADC #114449

V.                              Case No. 5:14-cv-00125-KGB-JTK

MARK HALL, ET AL.                                                                                   DEFENDANTS

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 4) and the objections filed by plaintiff Vincent Cooper (Dkt. No. 8).  After a review of the Proposed Findings and Recommendations and Mr. Cooper's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations, as modified by this Order.

As noted in the Proposed Findings and Recommendations, Mr. Cooper's allegations concerning the loss of his personal property do not state an actionable constitutional claim. When a state actor intentionally deprives an individual of personal property, the individual does not have a claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy.  *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 540-42 (1981); *Hudson v. Palmer*, 468 U.S. 517, 530-37 (1984).  Furthermore, under the *Parratt-Hudson* line of cases, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

In this case, Mr. Cooper had available the post-deprivation remedy of filing a claim for compensation with the Arkansas Claims Commission, pursuant to Arkansas Code Annotated § 19-10-204(a).  *See Bader v. Wallace*, Case No. 1:13-CV-00051 SWW/JTR, 2013 WL 3788462, at *2 (E.D. Ark. July 18, 2013).  Further, as noted in the Proposed Findings and

Recommendations, Mr. Cooper filed a claim with the Arkansas Claims Commission. Mr. Cooper attached the Claims Commission's decision regarding his claim to his filings; that decision indicates the Claims Commission held a hearing on March 5, 2014, where Mr. Cooper was present, and denied his claim (Dkt. No. 2, at 44). The record indicates, and Mr. Cooper does not dispute in his allegations or objections to the Proposed Findings and Recommendations, that the Claims Commission's process was adequate. Therefore, Mr. Cooper has failed to state a constitutional claim for relief under § 1983.

In his objections to the Proposed Findings and Recommendations, Mr. Cooper seeks to assert a constitutional claim by arguing that the state law remedies do not compensate him as fully as an action under § 1983 would. The Court rejects this argument. That Mr. Cooper did not recover on his claim before the Arkansas Claims Commission does not render inadequate the state remedy available to Mr. Cooper. *Cf. Hudson*, 468 U.S. at 535 ("In any event, that Palmer might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not, as we have said, determinative of the adequacy of the state remedies."). Furthermore, as Judge Kearney noted, principles of *res judicata* and collateral estoppel bar Mr. Cooper from litigating here the factual issues previously decided by the Arkansas Claims Commission. *See Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981) (per curiam). Accordingly, the Court dismisses with prejudice Mr. Cooper's claim of deprivation of his personal property without due process of law.

As to Mr. Cooper's claims of denial of access to the courts, this Court adopts in full Judge Kearney's dismissal of those claims in the Proposed Findings and Recommendations.

After filing his objections to the Proposed Findings and Recommendations, Mr. Cooper filed a motion to amend his complaint (Dkt. No. 9). Mr. Cooper indicates that he wishes to

amend his complaint to add a tort claim against defendants under the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1346(b)(1). These statutes do not apply to this case as the United States is not a party to this action. Therefore, the Court denies Mr. Cooper's motion to amend his complaint.

Mr. Cooper also filed a supplement to his objections to the Proposed Findings and Recommendation on May 14, 2014 (Dkt. No. 10). This filing purports to be a notice of appeal of the Proposed Findings and Recommendation. To the extent that this filing seeks review by this Court of the Proposed Findings and Recommendation, the filing is unnecessary. To the extent this filing seeks to appeal the Court's current Order, it is ineffective as it was filed before the Court's Order was entered.

IT IS, THEREFORE, ORDERED that:

1. Mr. Cooper's Complaint against Defendants is dismissed for failure to state a claim.

2. Mr. Cooper's motions to amend his complaint are denied (Dkt. Nos. 5, 9).

3. This dismissal of Mr. Cooper's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

4. The Court certifies that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED this 23rd day of March, 2015.

_____
Kristine G. Baker
United States District Judge